TM\ ST

**WILLIAM G. EARLE, Oregon State Bar ID Number 83185**
Internet E-mail address: wearle@davisrothwell.com
**DANIEL S. HASSON, Oregon State Bar ID Number 05277**
Internet E-mail address: dhasson@davisrothwell.com
DAVIS ROTHWELL MULLIN EARLE & XOCHIHUA P.C.
1300 Southwest Fifth Avenue, Suite 1900
Portland, Oregon 97201-5604
Telephone: (503) 222-4422
Facsimile: (503) 222-4428

**GARY E. HARVEY** *(pro hac vice* application to be submitted)
Internet E-mail address: **gharvey@morrisonmahoney.com**
**VICTORIA A. CRAWSHAW** *(pro hac vice* application to be submitted)
Internet E-mail address: **vcrawsha@morrisonmahoney.com**
MORRISON MAHONEY LLP
250 Summer Street
Boston, Massachusetts 02210-1181
Telephone: (617) 439-7546
Facsimile: (617) 342-4955

Attorneys for Defendants Bacou-Dalloz Eye & Face Protection, Inc.; Bacou-Dalloz USA Safety Inc.; Bacou-Dalloz USA, Inc.; and W.W. Grainger, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

'06 852ST

**KEN GRIFFIN,**

**Plaintiff,**

v.

**UVEX SAFETY MANUFACTURING, INC.,** a Delaware corporation, acquired by and name changed to **BACOU-DALLOZ EYE & FACE PROTECTION, INC.,** a Delaware corporation; **BACOU-DALLOZ USA SAFETY INC.,** a Delaware corporation, formerly known as Bacou USA, Inc., a Delaware corporation by merger with

**No.** ______________

**NOTICE OF REMOVAL**

Uvex Safety, Inc., now known as **SURVIVAIR RESPIRATORS, INC.,** a Delaware corporation; **BACOU-DALLOZ USA, INC.,** a Pennsylvania corporation; **W.W. GRAINGER, INC.,** an Illinois corporation; and **ACCURACY GRINDING INC.,** an Oregon corporation,

**Defendants.**

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Bacou-Dalloz Eye & Face Protection, Inc., formerly known as Uvex Safety Manufacturing, Inc.; Bacou-Dalloz USA Safety, Inc., formerly known as Bacou USA Inc. and Uvex Safety Inc., and now known as Survivair Respirators Inc.; Bacou-Dalloz USA, Inc., and W.W. Grainger, Inc. (hereinafter referred to as the "properly joined defendants"), hereby remove to this Court the case now pending in Multnomah County Circuit Court as *Ken Griffin v. Uvex Safety Manufacturing, Inc., et al,* Case No. 0605-05321. Defendant Accuracy Grinding, Inc., which the defendants state is a fraudulently joined defendant, has not been contacted concerning the removal, as its presence in the lawsuit is ignored for purposes of determining diversity.

As grounds for removal, the properly joined defendants state as follows:

1. On or about May 18, 2006, plaintiff Ken Griffin filed a complaint in Multnomah County Circuit Court against the defendants, seeking damages on four claims for relief for a sum in excess of $1,029,112.01, as *Ken Griffin v. Uvex Safety Manufacturing, Inc., et al,* Case No. 0605-05321 (the "lawsuit"). Pursuant to 28 U.S.C. § 1446(a), all state court papers served on defendants at the time of removal, consisting of Summons and Complaint plus affidavits and certificates of service are attached hereto as Exhibit 1.

/ / /



DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
1300 Southwest Fifth Avenue, Suite 1900
Portland, Oregon 97201-5604
Telephone (503) 222-4422 • Facsimile (503) 222-4428

2. The Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a notice of removal must be filed within thirty days after a defendant receives, by service or otherwise, the initial pleading. As of the date of filing this Notice of Removal, all defendants had been served with process on May 19, 2006. See Exhibit 1, pp. 19-30.

3. None of the defendants have filed an appearance in the Multnomah County Circuit Court action.

4. No further proceedings have been had in the Circuit Court of Multnomah County, Oregon, as of the date of filing of this removal.

**DIVERSITY JURISDICTION EXISTS.**

5. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed pursuant to 28 U.S.C. § 1441 because the action involves a controversy between citizens of different states (none of the properly-joined defendants is a citizen of Oregon), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Through his Complaint, the plaintiff alleges that he is a resident of the County of Multnomah, State of Oregon, at the time of his injury. The plaintiff further alleges that the injury giving rise to this action occurred in Multnomah County, Oregon.

7. Through his Complaint, the plaintiff further alleges that defendant Bacou-Dalloz Eye & Face Protection, Inc., is a corporation that was established and exists under the laws of Delaware.

8. Through his Complaint, the plaintiff further alleges that defendant Bacou-Dalloz USA Safety, Inc., now known as Survivair, is a corporation that was established and exists under the laws of Delaware.



DAVIS ROTHWELL
EARLE & OXOCHIHUA P.C.
1300 Southwest Fifth Avenue, Suite 1900
Portland, Oregon 97201-5604
Telephone (503) 222-4422 • Facsimile (503) 222-4428

9. Through his Complaint, the plaintiff further alleges that defendant Survivair is a corporation that was established and exists under the laws of Delaware.

10. Through his Complaint, the plaintiff further alleges that defendant Bacou-Dalloz USA, Inc., is a corporation that was established and exists under the laws of Pennsylvania.

11. Through his Complaint, the plaintiff further alleges that defendant W.W. Grainger, Inc., is a corporation that was established and exists under the laws of Illinois.

12. Through his Complaint, the plaintiff further alleges that defendant Accuracy Grinding, Inc., is a corporation that was established and exists under the laws of Oregon.

13. Ignoring defendant Accuracy Grinding, Inc., complete diversity of citizenship exists.

14. Plaintiff alleges money damages of more than $75,000, exclusive of interest and costs (Complaint, Prayer for Relief).

**FRAUDULENT JOINDER**

15. Defendant Accuracy Grinding, Inc., is a sham defendant who was fraudulently joined and whose Oregon citizenship should be disregarded when the Court evaluates whether complete diversity of citizenship exists among the parties. *DaCosta v. Novartis*, 180 F. Supp.2d 1178, 1180 (D. Or. 2001), *vacated on other grounds*, 242 F. Supp. 2d 765 (D. Or. 2002). Fraudulent joinder, which is a term of art, is an exception to the requirement of complete diversity. *Id.* at 1181; *McCabe v. General Foods, Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

///

///



DAVIS ROTHWELL
EARLE & OXOCHIHUA P.C.
1300 Southwest Fifth Avenue, Suite 1900
Portland, Oregon 97201-5604
Telephone (503) 222-4422 • Facsimile (503) 222-4428

16. Fraudulent joinder occurs when a non-diverse defendant has been named in the state court complaint for the purpose of defeating diversity jurisdiction. *DaCosta* at 1180. "Fraudulent joinder does not impugn the integrity of the plaintiff or its counsel and does not refer to an intent to deceive." *Id.* at 1181; *Lewis v. Time Inc.,* 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd* 710 F.2d 549 (9th Cir. 1983).

17. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in a lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *DaCosta* at 1181, *citing Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Removal is proper where there is no possibility that the state court would find that the complaint states a cause of action against the resident defendant. *DaCosta* at 1181; *Patton v. McDonald's Corp.,* 1991 U.S. Dist. LEXIS 16311 (D. Or. 1991).

18. Through his Complaint, plaintiff Ken Griffin alleges that on May 19, 2004, while polishing metal with a polishing wheel, the polishing wheel caught the tip of a piece of metal, the wheel fractured, and a piece of metal struck the plaintiff in the left eye, causing serious injury. Complaint, p. 3, ¶ 8. The plaintiff alleges that, at the time of his injury, he was wearing safety glasses manufactured by the Bacou-Dalloz defendants and that said safety glasses did not prevent a piece of steel from entering the plaintiff's eye. Complaint, p. 3, ¶¶ 6, 8. The plaintiff alleges that defendant W.W. Grainger, Inc., sold the subject safety glasses to the plaintiff's employer, defendant Accuracy Grinding, Inc. Complaint, p. 2, ¶ 4.

19. Through his Complaint, the plaintiff further alleges that his employer, defendant Accuracy Grinding, Inc., was negligent. The plaintiff alleges that he was injured while working in his employer's shop and using his employer's tools, and that his employer had control



DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
1300 Southwest Fifth Avenue, Suite 1900
Portland, Oregon 97201-5604
Telephone (503) 222-4422 • Facsimile (503) 222-4428

of the work being done and/or had the right to control the work and/or was engaged in a common enterprise with the plaintiff. Complaint, p. 7, ¶ 19; p. 11, ¶ 30. The plaintiff alleges that his employer, among other things, failed to properly train, supervise, and instruct the plaintiff; failed to provide appropriate equipment and safety wear; and failed to maintain its shop in a safe and clean condition. Complaint, p. 7, ¶ 19.

20. The plaintiff has no viable cause of action against resident defendant Accuracy Grinding, Inc. The plaintiff's claim against defendant Accuracy Grinding, Inc., is barred by the exclusivity provision contained in Or. Rev. Stat. 656.018(1)(a), "which provides, with exceptions not alleged to apply here, that the Workers' Compensation Law is an exclusive remedy and replaces other liability on the employer's part." *Krushwitz v. McDonald's*, 323 Or 520, 525, 919 P.2d 465 (1996).

21. Or. Rev. Stat. 656.018(1)(a) states,

> The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, diseases, symptoms complex or similar conditions arising out of and in the course of employment that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such conditions, except as specifically provided otherwise in this chapter.

22. Or. Rev. Stat. 656.018(2) states,

> The rights given to a subject worker and the beneficiaries of the subject worker under this chapter for injuries, diseases, symptoms complex or similar conditions arising out of and in the course of employment are in lieu of any remedies they might otherwise have for such injuries, diseases, symptom complexes or similar conditions against the worker's employer under > ORS 654.305 to > 654.336 or other laws, common law or statute, except to the



DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
1300 Southwest Fifth Avenue, Suite 1900
Portland, Oregon 97201-5604
Telephone (503) 222-4422 • Facsimile (503) 222-4428

extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury, disease, symptom complex or similar condition.

The exceptions set forth in ORS 656.018(2) do not apply here.

23. Therefore, as the Workers' Compensation Law is the exclusive remedy for the plaintiff's claims against defendant Accuracy Grinding, Inc., on the basis of the Complaint alone, the district court could rightly conclude that no cause of action has been stated against Accuracy Grinding, Inc. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

**REMOVAL TO THIS DISTRICT IS PROPER**

24. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removal of the above-captioned state court action to this Court is appropriate.

25. Pursuant to 28 U.S.C. § 1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending.

26. The properly joined defendants are providing to plaintiff, through his counsel, written notice of the filing of this Notice of Removal. Furthermore, the properly joined defendants are filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Multnomah County, Oregon, where the action is currently pending.

DATED this 16th day of June 2006.

DAVIS ROTHWELL EARLE & XOCHIHUA P.C.

By Heather C. Beasley

**WILLIAM G. EARLE, OSB # 8185**
**DANIEL S. HASSON, OSB # 05277**
**HEATHER C. BEASLEY, OSB # 96544**
(503) 222-4422
Attorneys for Defendants Bacou-Dalloz Eye & Face Protection, Inc.; Bacou-Dalloz USA Safety Inc.; Bacou-Dalloz USA, Inc.; and W.W. Grainger, Inc.



DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
1300 Southwest Fifth Avenue, Suite 1900
Portland, Oregon 97201-5604
Telephone (503) 222-4422 • Facsimile (503) 222-4428

ENTERED
MAY 18 2006
IN REGISTER BY LR.

FILED
2006 MAY 18 AM 11:03
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Ken Griffin<br><br>Plaintiff,<br>v.<br><br>Uvex Safety Manufacturing, Inc., a Delaware Corporation, acquired by and name changed to BACOU-DALLOZ EYE & FACE PROTECTION, INC., a Delaware Corporation, BACOU-DALLOZ USA SAFETY, INC., a Delaware Corporation, formerly known as Bacou USA, Inc., a Delaware Corporation by merger with Uvex Safety, Inc., now known as SURVIVAIR RESPIRATORS, INC., a Delaware Corporation, BACOU-DALLOZ USA, INC., a Pennsylvania Corporation, W.W. GRAINGER, INC., an Illinois Corporation, and ACCURACY GRINDING, INC., an Oregon Corporation,<br><br>Defendants. | Case No. 0605-05321<br><br>05321<br><br>COMPLAINT<br><br>(Personal Injury, Products Liability, Negligence and Breach of Warranty, Employers Liability Law as to Accuracy Grinding, Inc.<br><br>CLAIM NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Jury Trial Requested |

COMES NOW, Ken Griffin, plaintiff who alleges:

FIRST CLAIM FOR RELIEF

(Strict Products Liability)

1.

Plaintiff was a resident of the county of Multnomah, state of Oregon at the time of his injury.

2.

The injury giving rise to this action occurred in Multnomah County, Oregon.

///

EXHIBIT 1
PAGE 1 OF 30



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

3.

At all material times, defendant Bacou-Dalloz Eye & Face Protection, Inc. (hereinafter Bacou Eye) was and is a duly established and existing corporation organized under the laws of the state of Delaware which acquired and operates Uvex Safety Manufacturing, Inc. (hereinafter Uvex) a Delaware corporation. Defendant Bacou-Dalloz USA Safety, Inc. (hereinafter Bacou D) was and is a duly established and existing corporation organized under the laws of the state of Delaware and is now known as Survivair. Defendant Survivair (hereinafter Bacou S) was and is a duly established and existing corporation organized under the laws of the state of Delaware. Defendant Bacou-Dalloz USA, Inc. (hereinafter Bacou USA) was and is a duly established and existing corporation organized under the laws of the state of Pennsylvania and is the parent company for all operating subsidiaries referenced above. Defendant W.W. Grainger, Inc. (hereinafter Grainger) was and is a duly established and existing corporation organized under the laws of the state of Illinois. Defendant Accuracy Grinding, Inc. (hereinafter Accuracy) was and is a duly established and existing corporation under the laws of the state of Oregon. The defendants Bacou Eye, Bacou D, Bacou S, Bacou USA (hereinafter the Bacous) and Grainger at all material times engaged in the business of designing, manufacturing, selling, and distributing safety glasses for use in the state of Oregon. The defendants have extensive contacts with and engage in a regular and sustained course of business in Multnomah County, Oregon. Defendant Accuracy used and provided safety glasses to their employees, including Ken Griffin. Accuracy operated a machine shop and trained and employed Ken Griffin and allowed him to work in their shop.

4.

Grainger sold a new pair of "safety glasses," Uvex Brand, "Bandido" model and Grainger number 4R997 to plaintiff's employer, Accuracy. Uvex and/or the Bacous actually designed, manufactured, sold, assembled, and distributed the safety glasses, thorough its various parents and subsidiaries.

EXHIBIT 1
PAGE 2 OF 30



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

5.

Defendants knew or should have known, that according to the National Institute for Occupational Health and Safety, 45 percent of eye injuries on the job are suffered by people wearing "safety glasses."

6.

On or about May 19, 2004, the safety glasses described in paragraph 4 were in the same condition as when they were manufactured by Uvex and/or the Bacous and sold by defendant Grainger to plaintiff's employer.

7.

At all material times, defendants Uvex, the Bacous, and Grainger expected the safety glasses would reach the consumer, including Ken Griffin, without substantial change in the way the safety glasses were manufactured and sold by the defendants to plaintiff's employer.

8.

On or about May 19, 2004, plaintiff Ken Griffin was seriously injured while using the safety glasses at his place of employment when polishing a piece of metal, using defendant Accuracy's multipurpose power tool with a polishing wheel attached with its knowledge and consent. The polishing wheel caught the tip of the piece of metal plaintiff was polishing and it fractured into three pieces. One piece struck the plaintiff in the left eye causing serious injury resulting in enucleation and blindness.

9.

Plaintiff Ken Griffin was injured because the safety glasses did not prevent a piece of steel from entering the plaintiff's left eye. As a direct result, plaintiff Ken Griffin suffered the injuries set forth in paragraph 11 below.

///

///

///

EXHIBIT 1
PAGE 3 OF 30



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

10.

At all material times the safety glasses described in paragraph 4 were in a defective condition and unreasonably dangerous to the user and consumer, including plaintiff Ken Griffin, for one or more of the following reasons:

(a) They were inadequately designed because they failed to provide a safe barrier to keep pieces and fragments produced by plaintiff's metal work from entering plaintiff's eye;

(b) The warning labels on the safety glasses and their packaging were inadequate, improper, and failed to provide sufficient warnings to consumers, including this plaintiff;

(c) There was not adequate or proper warning of the risk associated with possible injury to users, including this plaintiff;

(d) There was not adequate or proper warning that safety glasses meeting the ANSI standard provide only minimal protection for industrial use.

(e) There was inadequate instruction on the use of the safety glasses when they were delivered to plaintiff's employer;

(f) There was not adequate or proper warning that safety glasses should generally not be used in an industrial setting;

(g) There was not adequate or proper warning that safety glasses provide limited protection and are impact resistant but not unbreakable;

(h) The printing on the package was inadequate in part, because printing on the package did not draw the attention of the user to the warning. It was not readable or seen by the user. It was not conspicuous and did not clearly identify the hazard from industrial use.

(i) The frames of the safety glasses were defective in strength and allowed for fracture when struck by a metal object;

EXHIBIT 1
PAGE 4 OF 30



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

(j) The glasses sold to plaintiff's employer did not meet the ANSI 287.1-2003 standard when sold by defendants to plaintiff's employer;

(k) The warnings were inadequate and improper in that a warning label did not inform the wearer of the limitations of the glasses because the warning was not affixed to the glasses themselves; and

(l) The warnings were inadequate and improper because they did not advise the wearer that the glasses did not meet the new standard.

11.

As a direct result of one or more of those defects in safety glasses and Accuracy's conduct and conditions, plaintiff Ken Griffin sustained severe personal injuries, some of which are permanent, including, but not limited to, blindness in his left eye, left eye socket injuries, eye and face scaring, optic nerve damage, ruptured globe with uveal prolapse of the left eye, and left upper eyelid deep skin laceration. These injuries have caused plaintiff pain, mental suffering, emotional distress and humiliation, inconvenience, and interference with Ken Griffin's normal and usual activities, apart from activities in a gainful occupation, some of which he will sustain in the future, loss of power to work and enjoyment of life, from May 19, 2004, the time he was injured and into the future, all to his noneconomic general damage in the sum of $1,000,000.00.

12.

As a direct result of one or more of the defects in the safety glasses and Accuracy's conduct and work conditions, plaintiff has incurred past medical expenses for medical treatment in the approximate amount of $25,836.01. Plaintiff is continuing to receive care now and will continue to require care in the future in an amount to be determined at trial.

13.

As a direct result of one or more of the defects in the safety glasses and defendant Accuracy's conduct and shop conditions, plaintiff has incurred lost wages and employee

///



EXHIBIT 1
PAGE 5 OF 30

LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

benefits in the total amount of approximately $3,276.00, and in the future will incur lost wages, employee benefits, and earning capacity in an amount to be determined at trial.

14.

As a direct and proximate result of the unreasonable dangers and/or defective condition of the safety glasses, the plaintiff was injured in the manner alleged above and the defendants are strictly liable. The safety glasses were more dangerous than would ordinarily be contemplated by a reasonable consumer or worker.

SECOND CLAIM FOR RELIEF

(Negligence)

15.

Plaintiff realleges paragraphs 1 through 14 as fully set forth herein.

16.

Defendants' Uvex, the Bacous, and Grainger unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell Ken Griffin in their design, manufacture, assembly, testing, inspection, advertising, sale, and use of the safety glasses.

17.

Defendants Uvex, the Bacous, and Graingers' conduct caused or contributed to plaintiff's personal injuries by the negligence of these defendants in one or more of the following particulars:

(a) In failing to provide adequate warning or instruction as to the risks associated with the use of safety glasses in industrial workplace conditions;

(b) In failing to properly warn plaintiff of the defective and dangerous defects and conditions;

(c) In failing to provide an adequate warning or instruction on the proper use of the safety glasses;

///

EXHIBIT 1
PAGE 6 OF 30



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

(d) In failing to design the safety glasses and their frames for the intended use of the product;

(e) In failing to remove product or mark product not meeting the current standard at the time they were sold; and

(f) In failing to affix warning labels to the lenses of the safety glasses.

18.

Defendant Accuracy unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell Ken Griffin in the training, supervision, and purchasing of tools and safety equipment.

19.

Defendant Accuracy caused or contributed to plaintiff's injuries by their negligence in one or more of the following particulars:

(a) In failing to adequately train, supervise, and instruct plaintiff in the proper use of the safety glasses and power equipment;

(b) In failing to provide adequate safety eyewear, including but not limited to, safety goggles or high impact face shields;

(c) In allowing plaintiff to work in their shop on his day off without proper supervision;

(d) In allowing plaintiff to use shop tools without proper safety equipment, including proper eyewear;

(e) In failing to provide instruction in the use of high speed polishers;

(f) In failing to maintain their shop and floors in a safe and clean condition;

(g) In failing to select for plaintiff's use in the shop proper eyewear given the risks;

///

///



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

(h) In allowing plaintiff to select safety glasses when Accuracy knew or should have known they would not be adequate to protect plaintiff from the risks associated with use of defendant Accuracy's tools;

(i) In failing to adhere to one or more of the OSHA requirements set forth below:

(1) **§ 1910.132 General requirements**. "(c) *Design.* All personal protective equipment shall be of safe design and construction for the work to be performed."

(2) **§ 1910.133 Eye and face protection.** "(a) *General.* (1) Protective eye and face equipment shall be required where there is a reasonable probability of injury that can be prevented by such equipment. In such cases, employers shall make conveniently available a type of protector suitable for the work to be performed, and employees shall use such protectors. No unprotected person shall knowingly be subjected to a hazardous environmental condition. Suitable eye protectors shall be provided where machines or operations present the hazard of flying objects, glare, liquids, or injurious radiation, or a combination of these hazards."

(i) In failing to perform a personal protective equipment hazard analysis or any other assessment to identify operations that prevent eye hazards and select protective eyewear designed for a specific hazard;

(j) In failing to refer plaintiff to ANSI Z87.1-1989 and/or ANSI Z87.1-2003, or make a copy of it available for plaintiff to review;

(k) In failing to warn plaintiff that safety glasses should not be relied upon to provide complete protection against hazards; and

(3) **§ 1310.133 Eye and face protection.** "(a) *General.* (2) Protectors shall meet the following minimum requirements:



EXHIBIT 1
PAGE 8 OF 20

LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

(i) They shall provide adequate protection against the particular hazards for which they are designed."

(4) **§ 1310.133 Eye and face protection.** "(a) *General.* (5) When limitations or precautions are indicated by the manufacturer, they shall be transmitted to the user and care taken to see that such limitations and precautions are strictly observed.

20.

As a direct and proximate result of the foregoing acts and omissions, the plaintiff was injured as alleged above and suffered the damages as set forth in paragraphs 11 through 13 of this complaint.

THIRD CLAIM FOR RELIEF

(Breach of Implied Warranty of Merchantability)

21.

Plaintiff realleges paragraphs 1 through 20 as fully set forth herein.

22.

Defendants Uvex, the Bacous, and Grainger are merchants who design, manufacture, and sell safety glasses, one of which is the subject of this litigation. Defendants, as the sellers of the safety glasses, impliedly warranted that such product was merchantable and reasonably safe for its intended use. All of the foregoing constituted implied warranty of merchantability under ORS 72.3140.

23.

The defendants breached the warranty as alleged above by selling the safety glasses in an unsafe condition and without adequate warnings and instructions.

24.

The plaintiff Ken Griffin is a third party beneficiary to the aforesaid warranty.

///



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

25.

As a direct and proximate result of defendants' breach of the implied warranty of merchantability, plaintiff was injured as alleged above and suffered the damages as set forth in paragraph 12 through 13.

FOURTH CLAIM FOR RELIEF

(Employer Liability Law)

26.

Plaintiff realleges paragraphs 1 through 25 as is fully set forth herein.

27.

At all material times there was in full force and effect in the State of Oregon an Employer's Liability Law which provided in pertinent part as follows:

> "Employer Liability Law
>
> 654.305 Protection and safety of persons in hazardous employment generally. Generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees for the public, shall use every device, care and precaution which it is practicable to use for the protection of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

28.

At all material times herein, defendant Accuracy was subject to the Employer Liability Law (ORS 654.305 et al.).

///

///

///

EXHIBIT 1
PAGE 10 OF 30



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

29.

At all material times herein, defendant was in charge of, and responsible for work involving risk of danger to plaintiff of traumatic injury from metal objects, because plaintiff was attempting to use equipment and safety glasses provided by defendants.

30.

Defendant Accuracy had control of the work being done and/or had the right to control the work and/or were engaged in a common enterprise with plaintiff.

31.

Defendant failed to use every device, care or precaution, which was practical to use for the protection and safety of plaintiff's life and limb in one or more of the following particulars:

(a) Defendant violated the requirements of ORS 654.010 and ORS 654.305 as set forth above in paragraphs 10 and 19;

(b) In failing to properly inspect and supervise the area where plaintiff was required to work;

(c) In failing to provide competent safety personnel to inspect and supervise the work site;

(d) In failing to appreciate the risk created by the use of shop tools and protect users of the tools against their risks; and

(e) In failing to supervise plaintiff's choice of safety equipment when Accuracy knew or should have known plaintiff lacked the necessary experience in the trade to appreciate the risks of using the tools.

WHEREFORE plaintiff prays for judgment against defendants as follows jointly and severally:

///

///

EXHIBIT 1
PAGE 11 OF 30



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

(1) Past economic damages in the amount of $29,112.01;

(2) Non-economic damages in the amount of $1,000,000.00;

(3) An amount for his future medical expenses and rehabilitation to be determined at trial;

(4) Future lost wages, employee benefits, and lost earning capacity in an amount to be proven at trial;

(5) For costs and disbursements incurred herein; and

(6) For such further relief as this court deems equitable and just.

DATED this 18th day of May, 2006.

Peter O. Hansen, OSB No. 75149
Of Attorneys for Plaintiff

**PLAINTIFF RESERVES THE RIGHT TO AMEND THIS COMPLAINT FOR PUNITIVE DAMAGES.**

EXHIBIT 1
PAGE 12 OF 30



LAW OFFICES OF
PETER O. HANSEN
620 SW FIFTH AVE., SUITE 1210
PORTLAND, OREGON 97204
503-228-6040

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Ken Griffin<br>Plaintiff,<br>v.<br>Uvex Safety Manufacturing, Inc., a Delaware Corporation, acquired by and name changed to BACOU-DALLOZ EYE & FACE PROTECTION, INC., a Delaware Corporation, BACOU-DALLOZ USA SAFETY, INC., a Delaware Corporation, formerly known as Bacou USA, Inc., a Delaware Corporation by merger with Uvex Safety, Inc., now known as SURVIVAIR RESPIRATORS, INC., a Delaware Corporation, BACOU-DALLOZ USA, INC., a Pennsylvania Corporation, W.W. GRAINGER, INC., an Illinois Corporation, and ACCURACY GRINDING, INC., an Oregon Corporation,<br>Defendants. | Case No. 0605-05321<br><br>SUMMONS |

**TO: Bacou-Dalloz Eye & Face Protection, Inc., formerly known as Uvex Safety Manufacturing, Inc., Corporation Service Company, 222 Jefferson Blvd., Suite 200, Warwick, RI 02888.**

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636

[signature]
Signature of Attorney

Peter O. Hansen #75149
Attorney's Name Bar #
620 SW Fifth Avenue, Suite 1210

Portland, OR 97204 (503)228-6040
Phone
Peter O. Hansen #75149
Trial Attorney if other than above Bar #

STATE OF OREGON, County of Multnomah) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Attorney of Record for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

EXHIBIT 1
PAGE 13 OF 30

[signature]
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Ken Griffin<br>Plaintiff,<br>v.<br>Uvex Safety Manufacturing, Inc., a Delaware Corporation, acquired by and name changed to BACOU-DALLOZ EYE & FACE PROTECTION, INC., a Delaware Corporation, BACOU-DALLOZ USA SAFETY, INC., a Delaware Corporation, formerly known as Bacou USA, Inc., a Delaware Corporation by merger with Uvex Safety, Inc., now known as SURVIVAIR RESPIRATORS, INC., a Delaware Corporation, BACOU-DALLOZ USA, INC., a Pennsylvania Corporation, W.W. GRAINGER, INC., an Illinois Corporation, and ACCURACY GRINDING, INC., an Oregon Corporation,<br>Defendants. | Case No. 0605-05321<br><br>SUMMONS |

**TO: Bacou-Dalloz USA Safety, Inc., formerly known as Bacou USA, Inc., by merger with Uvex Safety, Inc., Corporation Service Company, 222 Jefferson Blvd., Suite 200, Warwick, RI 02888**

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636

Signature of Attorney

Peter O. Hansen #75149
Attorney's Name Bar #
620 SW Fifth Avenue, Suite 1210

Portland, OR 97204 503)228-6040
Phone
Peter O. Hansen #75149
Trial Attorney if other than above Bar #

STATE OF OREGON, County of Multnomah) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Attorney of Record for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

Attorney for Plaintiff

EXHIBIT 1
PAGE 14 OF 30

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

Ken Griffin

Plaintiff,

v.

Uvex Safety Manufacturing, Inc., a Delaware Corporation, acquired by and name changed to BACOU-DALLOZ EYE & FACE PROTECTION, INC., a Delaware Corporation, BACOU-DALLOZ USA SAFETY, INC., a Delaware Corporation, formerly known as Bacou USA, Inc., a Delaware Corporation by merger with Uvex Safety, Inc., now known as SURVIVAIR RESPIRATORS, INC., a Delaware Corporation, BACOU-DALLOZ USA, INC., a Pennsylvania Corporation, W.W. GRAINGER, INC., an Illinois Corporation, and ACCURACY GRINDING, INC., an Oregon Corporation,

Defendants.

Case No. 0605-05321

SUMMONS

**TO: Survivair Respirators, Inc., Corporation Service Company, 222 Jefferson Blvd., Suite 200, Warwick, RI 02888.**

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636

Signature of Attorney

Peter O. Hansen #75149
Attorney's Name Bar #
620 SW Fifth Avenue, Suite 1210
Portland, OR 97204 (503)228-6040
Phone
Peter O. Hansen #75149
Trial Attorney if other than above Bar #

STATE OF OREGON, County of Multnomah) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Attorney of Record for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

Attorney for Plaintiff

EXHIBIT 1
PAGE 15 OF 30

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Ken Griffin<br><br>Plaintiff,<br><br>v.<br><br>Uvex Safety Manufacturing, Inc., a Delaware Corporation, acquired by and name changed to BACOU-DALLOZ EYE & FACE PROTECTION, INC., a Delaware Corporation, BACOU-DALLOZ USA SAFETY, INC., a Delaware Corporation, formerly known as Bacou USA, Inc., a Delaware Corporation by merger with Uvex Safety, Inc., now known as SURVIVAIR RESPIRATORS, INC., a Delaware Corporation, BACOU-DALLOZ USA, INC., a Pennsylvania Corporation, W.W. GRAINGER, INC., an Illinois Corporation, and ACCURACY GRINDING, INC., an Oregon Corporation,<br><br>Defendants. | Case No. 0605-05321<br><br>SUMMONS |

**TO: Bacou-Dalloz USA, Inc., Corporation Service Company, 222 Jefferson Blvd., Suite 200, Warwick, RI 02888.**

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636

[signature]

Signature of Attorney

Peter O. Hansen #75149
Attorney's Name Bar #
620 SW Fifth Avenue, Suite 1210

Portland, OR 97204 (503)228-6040
Phone

Peter O. Hansen #75149
Trial Attorney if other than above Bar #

STATE OF OREGON, County of Multnomah) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Attorney of Record for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

[signature]

Attorney for Plaintiff

EXHIBIT 1
PAGE 16 OF 30



**Exhibit 1 to Notice of Removal**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Ken Griffin<br><br>Plaintiff,<br><br>v.<br><br>Uvex Safety Manufacturing, Inc., a Delaware Corporation, acquired by and name changed to BACOU-DALLOZ EYE & FACE PROTECTION, INC., a Delaware Corporation, BACOU-DALLOZ USA SAFETY, INC., a Delaware Corporation, formerly known as Bacou USA, Inc., a Delaware Corporation by merger with Uvex Safety, Inc., now known as SURVIVAIR RESPIRATORS, INC., a Delaware Corporation, BACOU-DALLOZ USA, INC., a Pennsylvania Corporation, W.W. GRAINGER, INC., an Illinois Corporation, and ACCURACY GRINDING, INC., an Oregon Corporation,<br><br>Defendants. | Case No. 0605-05321<br><br>SUMMONS |

**TO: W.W. Grainger, Inc., CT Corporation System, 388 State Street, Suite 420, Salem, OR 97301**

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636

[signature]
Signature of Attorney

Peter O. Hansen #75149
Attorney's Name Bar #

620 SW Fifth Avenue, Suite 1210

Portland, OR 97204 (503)228-6040
Phone

Peter O. Hansen #75149
Trial Attorney if other than above Bar #

STATE OF OREGON, County of Multnomah) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Attorney of Record for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

[signature]
Attorney for Plaintiff



EXHIBIT 1
PAGE 17 OF 30

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Ken Griffin<br><br>Plaintiff,<br><br>v.<br><br>Uvex Safety Manufacturing, Inc., a Delaware Corporation, acquired by and name changed to BACOU-DALLOZ EYE & FACE PROTECTION, INC., a Delaware Corporation, BACOU-DALLOZ USA SAFETY, INC., a Delaware Corporation, formerly known as Bacou USA, Inc., a Delaware Corporation by merger with Uvex Safety, Inc., now known as SURVIVAIR RESPIRATORS, INC., a Delaware Corporation, BACOU-DALLOZ USA, INC., a Pennsylvania Corporation, W.W. GRAINGER, INC., an Illinois Corporation, and ACCURACY GRINDING, INC., an Oregon Corporation,<br><br>Defendants. | Case No. 0605-05321<br><br>SUMMONS |

**TO: Accuracy Grinding, Inc., Thomas J. Greif, 621 SW Morrison, Suite 800, Portland, OR 97205**

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636

[signature]
Signature of Attorney

Peter O. Hansen #75149
Attorney's Name Bar #

620 SW Fifth Avenue, Suite 1210

Portland, OR 97204 (503)228-6040
Phone

Peter O. Hansen #75149
Trial Attorney if other than above Bar #

STATE OF OREGON, County of Multnomah) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action

Attorney of Record for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

[signature]
Attorney for Plaintiff

EXHIBIT 1
PAGE 18 OF 30

FILED
06 MAY 24

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| KEN GRIFFIN,<br>Plaintiff,<br>vs.<br><br>UVEX SAFETY MANUFACTURING, INC., et al,<br>Defendants. | Case No. 0605-05321<br><br>CERTIFICATE OF SERVICE |

STATE OF OREGON )
) ss.
County of Multnomah )

ENTERED
MAY 25 2006
IN REGISTER BY AM

I, Steven C. Black, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of true copies of the following documents:

*Summons and Complaint*

Upon **W.W. Grainger, Inc.**, by personal service upon Patty McGriff, who is a clerk on duty in the office of the registered agent, C.T. Corporation System, at 388 State Street, Suite 420, Salem, Oregon 97301 on May 19, 2006 at 8:30 a.m.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 19th day of May, 2006.

Steven C. Black (180.312734)

EXHIBIT 1
PAGE 19 OF 30

**NATIONWIDE PROCESS SERVICE, INC.**
222 Century Tower
1201 SW 12th Avenue
Portland, OR 97205
(503) 241-0636

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

06 MAY 24 PM 2:30
FILED
FOR MULTNOMAH COUNTY

KEN GRIFFIN,
Plaintiff,
vs.
UVEX SAFETY MANUFACTURING, INC., et al,
Defendants.

Case No. 0605-05321

AFFIDAVIT OF MAILING

ENTERED
MAY 25 2006
IN REGISTER BY AM

STATE OF OREGON )
) ss.
County of Multnomah )

I, Cheri J. Crowe, being first duly sworn, depose and say that I am employed by Nationwide Process Service, Inc. On May 19, 2006, I mailed a true copy of the Summons and Complaint via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which service was made, to

The envelope was addressed as follows: C.T. Corporation System, Registered Agent
W.W. Grainger, Inc.
388 State Street, Ste. 420
Salem, OR 97301

I declare under the penalty of perjury that the above statements are true and correct.

Cheri J Crowe
Cheri J. Crowe 312734

SUBSCRIBED AND SWORN TO BEFORE ME this 19th day of May, 2006, by Cheri J. Crowe.

OFFICIAL SEAL
RENEE L GOURLEY
NOTARY PUBLIC-OREGON
COMMISSION NO. 399947
MY COMMISSION EXPIRES DEC. 4, 2009

Renee L. Gourley
Notary Public for Oregon

EXHIBIT 1
PAGE 20 OF 30

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

FILED
06 MAY 24 PM 2:30
CIRCUIT COURT
FOR MULTNOMAH COUNTY

| | | |
|---|---|---|
| KEN GRIFFIN<br>vs.<br>JVEX SAFETY MANUFACTURING INC. | ) | Case number 0605-05321<br><br>AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT |

STATE OF OREGON )
) ss.
County of Multnomah )

I hereby certify that I am a competent person 21 years of age or older and a citizen of the United States and a resident of the State of Oregon and I am not a party to nor an attorney for any party in the within named action. I further certify that I made service of the aforementioned documents by:

CORPORATE - LIMITED PARTNERSHIP - UNINCORPORATED ASSOCIATIONS

Upon ACCURACY GRINDING, INC., by personal delivery to THOMAS GREIF who is the REGISTERED AGENT thereof at 621 SW MORRISION, STE. 800, PORTLAND, OREGON on 05/19/2006 at the hour of 02:00 PM

ENTERED
MAY 25 2006
IN REGISTER BY AM

I declare under penalty of perjury that the above statement is true and correct.

Steven C. Black
STEVEN C. BLACK 312745

SUBSCRIBED AND SWORN to before me this 21st day of May, 2006.

OFFICIAL SEAL
CHERI J CROWE
NOTARY PUBLIC-OREGON
COMMISSION NO. 385030
MY COMMISSION EXPIRES NOV. 11, 2008

Cheri J Crowe
Notary Public for Oregon
My Commission Expires: ___/___/___

NATIONWIDE PROCESS SERVICE, INC.
222 CENTURY TOWER
1201 S.W. 12th AVENUE
PORTLAND, OREGON 97205
(503) 241-0636 FAX 241-1604

EXHIBIT 1
PAGE 21 OF 30

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

KEN GRIFFIN
vs.
UVEX SAFETY MANUFACTURING INC.

Case number 0605-05321

CERTIFICATE OF SERVICE OF SUMMONS AND COMPLAINT

06 MAY 26 PM 3:11
FILED
FOR CIRCUIT COURT
FOR MULTNOMAH COUNTY

STATE OF OREGON )
) ss.
County of Multnomah )

I hereby certify that I am a competent person 21 years of age or older and a citizen of the United States and a resident of the State of Oregon and I am not a party to nor an attorney for any party in the within named action. I further certify that I made service of the aforementioned documents by:

CORPORATE - LIMITED PARTNERSHIP - UNINCORPORATED ASSOCIATIONS

ENTERED
MAY 31 2006
IN REGISTER BY AM

Upon ACCURACY GRINDING, INC., by personal delivery to THOMAS GREIF who is the REGISTERED AGENT thereof at 4519 SW CORONADO STREET, PORTLAND, OREGON on 05/19/2006 at the hour of 02:00 PM

I declare under penalty of perjury that the above statement is true and correct.

Dated this 24th day of May, 2006.

Steven C. Black

STEVEN C. BLACK 312745

NATIONWIDE PROCESS SERVICE, INC.
222 CENTURY TOWER
1201 S.W. 12th AVENUE
PORTLAND, OREGON 97205
(503) 241-0636 FAX 241-1604

EXHIBIT 1
PAGE 22 OF 30

FILED
06 MAY 26 PM 3:11
FOR CIRCUIT COURT
MULTNOMAH COUNTY

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

KEN GRIFFIN

*Plaintiff(s),*

vs.

UVEX SAFETY MANUFACTURING, INC., et al.

*Defendant(s).*

Case No. **0605-05321**

CERTIFICATE OF SERVICE

ENTERED
MAY 31 2006
IN REGISTER BY AM

STATE OF RHODE ISLAND
County of PROVIDENCE } ss.

I, Anthony J Robbio Jr, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Rhode Island and that I am not a party to nor an attorney for any party in the within named action; that I made service of true copies of the following documents:

*SUMMONS and COMPLAINT*

Upon BACOU-DALLOZ EYE & FACE PROTECTION, INC. fka UVEX SAFETY MANUFACTURING, INC., by personal service upon Richard D'Amico, who is a clerk on duty in the office of the registered agent, Corporation Service Company, at 222 Jefferson Boulevard, Suite 200, Warwick, Rhode Island 02888 on May 19, 2006 at 11:00 a.m.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 19th day of May, 2006.

Anthony J. Robbio Jr.
312706

**NATIONWIDE PROCESS SERVICE, INC.**
222 Century Tower
1201 SW 12th Avenue
Portland, OR 97205
(503) 241-0636

EXHIBIT 1
PAGE 23 OF 30

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

FILED 06 MAY 26 PM 3:11 FOR CIRCUIT COURT FOR MULTNOMAH COUNTY

KEN GRIFFIN, Plaintiff,

vs.

UVEX SAFETY MANUFACTURING, INC., et al., Defendants.

Case No. 0605-05321

CERTIFICATE OF MAILING

ENTERED MAY 31 2006 IN REGISTER BY

STATE OF OREGON )
) ss.
County of Multnomah )

I, Renee L. Gourley, being first duly sworn, depose and say that I am employed by Nationwide Process Service, Inc. On May 19, 2006, I mailed a true copy of the Summons and Complaint via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which service was made, to Bacou-Dalloz Eye & Face Protection, Inc. fka Uvex Safety Manufacturing, Inc..

The envelope was addressed as follows:

**Corporation Service Company, Registered Agent**
**Bacou-Dalloz Eye & Face Protection Inc fka**
**Uvex Safety Manufacturing Inc**
**222 Jefferson Boulevard, Suite 200**
**Warwick, RI 02888**

I declare under the penalty of perjury that the above statements are true and correct.

Renee L. Gourley (signature)
Renee L. Gourley 312706

SUBSCRIBED AND SWORN TO BEFORE ME this 19th day of May, 2006.

OFFICIAL SEAL
CHERI J CROWE
NOTARY PUBLIC-OREGON
COMMISSION NO. 385030
MY COMMISSION EXPIRES NOV. 11, 2008

Cheri J Crowe (signature)
Notary Public for Oregon

EXHIBIT 1
PAGE 24 OF 30

*NATIONWIDE PROCESS SERVICE, INC. ♦ 222 CENTURY TOWER ♦ 1201 S.W. 12th AVENUE ♦ PORTLAND, OREGON 97205 ♦ (503) 241-0636*

FILED
06 MAY 26 PM 3:11
CIRCUIT COURT
MULTNOMAH COUNTY

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

KEN GRIFFIN

*Plaintiff(s),*

vs.

UVEX SAFETY MANUFACTURING, INC., et al.

*Defendant(s).*

Case No. **0605-05321**

CERTIFICATE OF SERVICE

ENTERED
MAY 31 2006
IN REGISTER BY AM

STATE OF RHODE ISLAND
County of PROVIDENCE } ss.

I, Anthony J Robbio Jr, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Rhode Island and that I am not a party to nor an attorney for any party in the within named action; that I made service of true copies of the following documents:

*SUMMONS and COMPLAINT*

Upon BACOU-DALLOZ USA SAFETY, INC. fka BACOU USA, INC. by merger with UVEX SAFETY, INC., by personal service upon Richard D'Amico, who is a clerk on duty in the office of the registered agent, Corporation Service Company, at 222 Jefferson Boulevard, Suite 200, Warwick, Rhode Island 02888 on May 19, 2006 at 11:00 a.m.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 19th day of May, 2006.

[signature] Anthony J. Robbio

312705

**NATIONWIDE PROCESS SERVICE, INC.**
222 Century Tower
1201 SW 12th Avenue
Portland, OR 97205
(503) 241-0636

EXHIBIT 1
PAGE 25 OF 30

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

# FOR THE COUNTY OF MULTNOMAH

06 MAY 26 PM 3:11
FILED
FOR CIRCUIT COURT
FOR MULTNOMAH COUNTY

KEN GRIFFIN )
) 
Plaintiff, ) Case No. 0605-05321
vs. )
)
UVEX SAFETY MANUFACTURING, INC., et al., ) CERTIFICATE OF MAILING
)
Defendants. )

ENTERED
MAY 31 2006
IN REGISTER BY

STATE OF OREGON )
) ss.
County of Multnomah )

I, Renee L. Gourley, being first duly sworn, depose and say that I am employed by Nationwide Process Service, Inc. On May 19, 2006, I mailed a true copy of the Summons and Complaint via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which service was made, to Bacou-Dalloz USA Safety, Inc. fka Bacou USA, Inc. by merger with Uvex Safety, Inc..

The envelope was addressed as follows:

**Corporation Service Company, Registered Agent**
**Bacou-Dalloz USA Safety Inc fka**
**Bacou USA Inc by merger with**
**Uvex Safety Inc**
**222 Jefferson Boulevard, Suite 200**
**Warwick, RI 02888**

I declare under the penalty of perjury that the above statements are true and correct.

[signature]
Renee L. Gourley 312705

SUBSCRIBED AND SWORN TO BEFORE ME this 19th day of May, 2006.

OFFICIAL SEAL
CHERI J CROWE
NOTARY PUBLIC-OREGON
COMMISSION NO. 385030
MY COMMISSION EXPIRES NOV. 11, 2008

[signature]
Notary Public for Oregon

EXHIBIT 1
PAGE 26 OF 30

FILED 06 MAY 26 PM 3:11 FOR CIRCUIT COURT MULTNOMAH COUNTY

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

KEN GRIFFIN

*Plaintiff(s),*

vs.

UVEX SAFETY MANUFACTURING, INC., et al.

*Defendant(s).*

Case No. **0605-05321**

CERTIFICATE OF SERVICE

STATE OF RHODE ISLAND }
County of PROVIDENCE } ss.

ENTERED MAY 31 2006 IN REGISTER BY

I, Anthony J Robbio Jr, hereby certify that I am a competent person, 18 years of age or older, a resident of the State of Rhode Island and that I am not a party to nor an attorney for any party in the within named action; that I made service of true copies of the following documents:

*SUMMONS and COMPLAINT*

Upon BACOU-DALLOZ USA, INC., by personal service upon Richard D'Amico, who is a clerk on duty in the office of the registered agent, Corporation Service Company, at 222 Jefferson Boulevard, Suite 200, Warwick, Rhode Island 02888 on May 19, 2006 at 11:00 a.m.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 19th day of May, 2006.

Anthony J. Robbio Jr.
312707

EXHIBIT 1
PAGE 27 OF 30

**NATIONWIDE PROCESS SERVICE, INC.**
222 Century Tower
1201 SW 12th Avenue
Portland, OR 97205
(503) 241-0636

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

FILED
06 MAY 26 PM 3:11
FOR CIRCUIT COURT
MULTNOMAH COUNTY

KEN GRIFFIN )
)
Plaintiff, ) Case No. 0605-05321
vs. )
)
UVEX SAFETY MANUFACTURING, INC., et al., ) CERTIFICATE OF MAILING
)
Defendants. )

ENTERED
MAY 31 2006
IN REGISTER BY AM

STATE OF OREGON )
) ss.
County of Multnomah )

I, Renee L. Gourley, being first duly sworn, depose and say that I am employed by Nationwide Process Service, Inc. On May 19, 2006, I mailed a true copy of the Summons and Complaint via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which service was made, to Bacou-Dalloz USA, Inc.

The envelope was addressed as follows:

**Corporation Service Company, Registered Agent**
**Bacou-Dalloz USA Inc**
**222 Jefferson Boulevard, Suite 200**
**Warwick, RI 02888**

I declare under the penalty of perjury that the above statements are true and correct.

Renee L. Gourley (signature)
Renee L. Gourley 312707

SUBSCRIBED AND SWORN TO BEFORE ME this 19th day of May, 2006.

OFFICIAL SEAL
CHERI J CROWE
NOTARY PUBLIC-OREGON
COMMISSION NO. 385030
MY COMMISSION EXPIRES NOV. 11, 2008

Cheri J Crowe (signature)
Notary Public for Oregon

EXHIBIT 1
PAGE 28 OF 30

FILED
06 MAY 26 PM 3:11
CIRCUIT COURT
MULTNOMAH COUNTY

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

KEN GRIFFIN

*Plaintiff(s),*

vs.

UVEX SAFETY MANUFACTURING, INC., et al.

*Defendant(s).*

Case No. **0605-05321**

CERTIFICATE OF SERVICE

ENTERED
MAY 31 2006
IN REGISTER BY

STATE OF RHODE ISLAND
County of PROVIDENCE
} ss.

I, Anthony J Robbio Jr, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Rhode Island and that I am not a party to nor an attorney for any party in the within named action; that I made service of true copies of the following documents:

*SUMMONS and COMPLAINT*

Upon SURVIVAIR RESPIRATORS, INC., by personal service upon Richard D'Amico, who is a clerk on duty in the office of the registered agent, Corporation Service Company, at 222 Jefferson Boulevard, Suite 200, Warwick, Rhode Island 02888 on May 19, 2006 at 11:00 a.m.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 19th day of May, 2006.

312708

EXHIBIT 1
PAGE 29 OF 30

**NATIONWIDE PROCESS SERVICE, INC.**
222 Century Tower
1201 SW 12th Avenue
Portland, OR 97205
(503) 241-0636

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

FILED 06 MAY 26 PM 3:11 FOR CIRCUIT COURT MULTNOMAH COUNTY

KEN GRIFFIN )
)
Plaintiff, ) Case No. 0605-05321
)
vs. )
)
UVEX SAFETY MANUFACTURING, INC., et al., ) CERTIFICATE OF MAILING
)
Defendants. )

STATE OF OREGON )
) ss.
County of Multnomah )

ENTERED MAY 31 2006 IN REGISTER

I, Renee L. Gourley, being first duly sworn, depose and say that I am employed by Nationwide Process Service, Inc. On May 19, 2006, I mailed a true copy of the Summons and Complaint via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which service was made, to Survivair Respirators, Inc.

The envelope was addressed as follows:

**Corporation Service Company, Registered Agent**
**Survivair Respirators Inc**
**222 Jefferson Boulevard, Suite 200**
**Warwick, RI 02888**

I declare under the penalty of perjury that the above statements are true and correct.

Renee L. Gourley 312708

SUBSCRIBED AND SWORN TO BEFORE ME this 19th day of May, 2006.

OFFICIAL SEAL
CHERI J CROWE
NOTARY PUBLIC-OREGON
COMMISSION NO. 385030
MY COMMISSION EXPIRES NOV. 11, 2008

Notary Public for Oregon

EXHIBIT 1
PAGE 30 OF 30

*NATIONWIDE PROCESS SERVICE, INC. ♦ 222 CENTURY TOWER ♦1201 S.W. 12th AVENUE ♦ PORTLAND, OREGON 97205 ♦ (503) 241-0636*

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **NOTICE OF REMOVAL** on:

Mr. Peter O. Hansen
Oregon State Bar No. 75149
E-mail: **poh@pohansenlaw.com**
Law Offices of Peter O. Hansen
620 Southwest Fifth Avenue, Suite 1210
Portland, Oregon 97204-1432
Telephone: (503) 228-6040
Facsimile (503) 226-0457

of attorneys for plaintiff, on June 16, 2006, by hand-delivering to said attorney a true copy thereof, contained in a sealed envelope addressed to said attorney at his last-known address, as set forth above, on said day.

DATED this 16th day of June, 2006.

DAVIS ROTHWELL EARLE & XOCHIHUA P.C.

By [signature]
**WILLIAM G. EARLE, OSB # 8185**
**DANIEL S. HASSON, OSB # 05277**
**HEATHER C. BEASLEY, OSB # 96544**
(503) 222-4422
Of Attorneys for Defendants Bacou-Dalloz Eye & Face Protection, Inc.; Bacou-Dalloz USA Safety Inc.; Bacou-Dalloz USA, Inc.; and W.W. Grainger, Inc.