IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEN GRIFFIN,

        Plaintiff,

    v.

UVEX SAFETY MANUFACTURING, INC., a Delaware corporation, acquired by and name changed to BACOU-DALLOZ EYE & FACE PROTECTION, INC., a Delaware corporation; BACOU-DALLOZ USA SAFETY, INC., a Delaware corporation, formerly known as Bacou USA, Inc., a Delaware corporation by merger with Uvex Safety, Inc., now known as SURVIVAIRE RESPIRATORS, INC., a Delaware corporation; BACOU-DALLOZ, USA, INC., a Pennsylvania corporation; W.W. GRAINGER, INC., an Illinois corporation; and ACCURACY GRINDING, INC., an Oregon corporation,

        Defendants.

CV-06-852-ST

FINDINGS AND RECOMMENDATIONS

STEWART, Magistrate Judge:

**INTRODUCTION**

1 - FINDINGS AND RECOMMENDATIONS

This case arises out of an eye injury suffered by plaintiff, Ken Griffin ("Griffin"). Defendant Accuracy Grinding, Inc. ("Accuracy") "operated a machine shop and trained and employed [Griffin] and allowed him to work in their shop." Complaint, ¶ 3. On May 19, 2004, Griffin was seriously injured when a piece of metal he was polishing caught on the polishing wheel and fractured into three pieces, one of which struck him in the left eye. *Id*, ¶ 8. At the time of that injury, Griffin was wearing a pair of safety glasses sold to Accuracy by defendant W.W. Grainger, Inc. ("Grainger"). *Id*, ¶ 4. Those safety glasses were designed and manufactured by one or more of the Bacou defendants.[1] *Id*.

On or about May 18, 2006, Griffin filed a complaint in Multnomah County Circuit Court against defendants, *Ken Griffin v. Uvex Safety Mfg., Inc., et al.*, Case No. 0605-05321. Notice of Removal, p. 2. In that case, Griffin alleged claims against all defendants for strict product liability and negligence. He also alleged claims for breach of the implied warranty of merchantability against all defendants except Accuracy and a claim under Oregon's Employer Liability Law (ORS 654.305) against Accuracy.

On June 16, 2006, the Bacou defendants filed a Notice of Removal to this court, alleging diversity jurisdiction under 28 USC § 1332. Griffin and Accuracy are Oregon citizens,[2] which would normally preclude this court from exercising diversity jurisdiction. However, the Bacou

---

[1] This court collectively refers to all defendants except Accuracy and Grainger as the "Bacou defendants."

[2] The Complaint alleges that Griffin is a "resident" of Oregon (Complaint, ¶ 1). "It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing.'" *Seven Resorts, Inc. v. Cantlen*, 57 F3d 771, 774 (9th Cir 1995), citing *Mantin v. Broadcast Music, Inc.*, 244 F2d 204, 206 (9th Cir 1957). However, because the record reveals no information to the contrary and no party raises this issue, this court assumes that Griffin is a "citizen" of Oregon for purposes of 28 USC § 1332.

2 - FINDINGS AND RECOMMENDATIONS

defendants allege that because Accuracy was fraudulently joined, its presence in the state court action does not prevent removal to this court. Notice of Removal, ¶¶ 15-23.

Both Griffin and Accuracy have filed motions to remand and also seek to recover their attorney fees (dockets #5 & #8). For the reasons that follow, those motions should be GRANTED.

## ANALYSIS

### I. Legal Standard

Pursuant to 28 USC § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States. . ." Removal is proper only where the federal court would have had subject matter jurisdiction over the matter if the plaintiff had originally filed the action in federal court. The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 US 826, 830 (1989), citing *Smith v. Sperling*, 354 US 91, 93 n1 (1957). The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir 1992). The burden of establishing federal jurisdiction rests with the party seeking removal. *Abrego Abrego v. The Dow Chemical Co.*, 443 F3d 676, 682-83 (9th Cir 2006). Any doubt as to the right of removal is resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 US 100, 109 (1941); *Gaus*, 980 F2d at 566.

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F2d 1336,

3 - FINDINGS AND RECOMMENDATIONS

1339 (9th Cir 1987).  The burden of proving that joinder of a non-diverse party is a fraudulent attempt to defeat removal rests with the removing party.  *Boyer v. Snap-On Tools Corp.*, 913 F2d 108, 111 (3rd Cir 1990), *cert denied*, 498 US 1085 (1991); *Carriere v. Sears, Roebuck and Co.*, 893 F2d 98, 100 (5th Cir), *cert denied*, 498 US 817 (1990).  In considering a motion to remand, the court must:

> resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. . . . "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."

*Boyer*, 913 F2d at 111, quoting *Coker v. Amoco Oil Co.*, 709 F2d 1433, 1440-41 (11th Cir 1983).

## II. Propriety of Removal

### A. Fraudulent Joinder

The Bacou defendants argue that this case was properly removed because Griffin's claims against Accuracy are barred by the exclusivity provision of Oregon's Workers' Compensation Law, ORS 656.018(1)(a).  Notice of Removal, ¶¶ 20-22.  Under their theory, because Griffin suffered an injury at his place of employment, his exclusive remedy against Accuracy is through Oregon's Workers' Compensation provisions, and he has no basis on which to sue Accuracy under any other theory, including those theories alleged in his Complaint.  However, even if the Bacou defendants are correct that Griffin's claims against Accuracy arose under that Oregon's Workers' Compensation statute, then removal was statutorily prohibited.  "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 USC § 1445(c).

4 - FINDINGS AND RECOMMENDATIONS

If, on the other hand, Griffin's claims against Accuracy did not arise under Oregon's Workers' Compensation statute, as Griffin contends, then removal might be proper if the Bacou defendants could establish a basis for jurisdiction. In order to establish diversity jurisdiction, the Bacou defendants would have to prevail on their claim that Accuracy was fraudulently joined and, therefore, may not be considered for purposes of analyzing the propriety of removal.

A cursory review of the record reveals that Griffin was not attempting to defeat diversity jurisdiction by naming Accuracy as a defendant. Instead, he respected the ruling in his workers' compensation proceeding by electing to sue Accuracy outside of Oregon's Workers' Compensation statute. The central dispute in Griffin's underlying workers' compensation claim is whether his injury arose out of and occurred within the course of his employment with Accuracy. On May 24, 2005, the Workers' Compensation Board affirmed an earlier decision by an Administrative Law Judge and determined that his injury did not arise in the course and scope of his employment and, therefore, was not compensable under ORS 656.005(7)(a). Plaintiff's Exhibit A.[3] Thus, when Griffin filed his state court case on May 16, 2006, the then-controlling ruling by the Workers' Compensation Board was that his injury was not compensable under Oregon's Workers' Compensation laws because Griffin was acting outside the course and scope of his employment with Accuracy at the time of his injury. Although Griffin apparently has appealed that decision, he was bound to respect it at the time he filed his state court case.

Accordingly, the Complaint does *not* allege, as the Bacou defendants erroneously assume, that he was working for Accuracy at the time of his injury. It does identify Accuracy as

---

[3] Plaintiff's Exhibits are attached to Plaintiff's Response to Defendants' Notice of Removal and Plaintiff's Motion for Remand and Attorney Fees Pursuant to 28 USC § 1447(c) (docket #5).

Griffin's employer, but carefully alleges that Griffin was injured "while using the safety glasses at his place of employment when polishing a piece of metal, using defendant Accuracy's multipurpose power tool with a polishing wheel attached with its knowledge and consent." Complaint, ¶ 8. Identifying the place of injury as the place of Griffin's employment is not the same as alleging that Griffin was injured in the scope of his employment for Accuracy. Based on a variety of specifications of negligence, including one that Accuracy allowed him "to work in their shop on his day off without proper supervision" (*id*, ¶ 19), Griffin asserts claims for negligence against Accuracy, as well as a claims for strict products liability and violation of Oregon's Employer Liability Law, ORS 654.305.

The bid for removal by the Bacou defendants is entangled in a Catch-22. If the claims against Accuracy *do* arise under Oregon's workers' compensation laws, then the plain language of 28 USC § 1445(c) bars removal without regard to whether or not Accuracy was joined as a defendant. If, on the other hand, those claims do *not* arise under Oregon's workers compensation laws (because Griffin was acting outside the scope of his employment), then the exclusivity provision of ORS 656.018 does not bar whatever claims Griffin may have against Accuracy. *See Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001) (finding exclusivity provision of ORS 656.018 unconstitutional under Article I, section 10 of the Oregon Constitution); *see also*, *Roberts v. SAIF Corp.*, 341 Or 48, 61-63, 136 P3d 1105, 1111-13 (2006) (Durham, J. and Riggs, J., concurring) (discussing the effect of *Smothers* on claims found not compensable under "recreational or social activities" provision of ORS 656.005(7)(b)(B)). Either way, Griffin is entitled to a remand.

///

6 - FINDINGS AND RECOMMENDATIONS

### B. No Consent by Accuracy

As an additional ground for remand, Accuracy argues that it did not join in or consent to the removal. In fact, it was unaware that the Bacou defendants had removed this action until nearly a month after the Notice of Removal was filed. Affidavit of Kathryn Reynolds Morton, ¶ 2. The Bacou defendants respond that they are not at fault for Accuracy's failure to receive the Notice of Removal since they attempted to serve it on Accuracy's registered agent.

Because this court concludes that Accuracy was not fraudulently joined by Griffin in a bid to defeat diversity jurisdiction, it need not address this issue.

## III. Attorney Fees

Both Griffin and Accuracy seek to recover their attorney fees pursuant to 28 USC § 1447(c) which provides for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As held in *Moore v. Permanente Medical Group, Inc.*, 981 F2d 443, 446 (9th Cir 1992), "Congress has unambiguously left the award of fees to the discretion of the district court." However, "[a]bsent unusual circumstances, courts may award attorney fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*. 126 S Ct 704, 711 (2005). An objectively reasonable basis for removal may exist, as in *Martin*, where a defendant relies on existing case law which is later overturned. It is not necessary to show that the position taken by the removing party was "frivolous, unreasonable or without foundation." *Id* at 710.

When filing the Notice of Removal, the Bacou defendants might have had an objectively reasonable basis for misinterpreting the Complaint as alleging claims against Accuracy that would be barred by the exclusivity provision of ORS 656.018(1)(a). On the other hand, had they

7 - FINDINGS AND RECOMMENDATIONS

communicated with either Griffin or Accuracy prior to filing the Notice of Removal, they would have easily learned of the ruling by the Workers' Compensation Board which allowed Griffin to sue Accuracy for claims not arising under Oregon's Workers' Compensation Statute.  But more importantly, the Bacou defendants ignored the statutory bar to removal of cases involving state workers' compensation claims.  Since the entire basis for removal was the inclusion of a workers' compensation claim, that error was not objectively reasonable.  Accordingly, Griffin and Accuracy should be awarded their costs and attorney fees incurred as a result of the improper removal of this case.

With regard to the amount of costs and fees to be awarded, Griffin has submitted nothing. Accuracy has submitted only the Affidavit of Kathryn Reynolds Morton stating that Accuracy has incurred reasonable and necessary attorney fees in the amount of $605.00, but without any supporting documentation.  For the court to determine a reasonable amount of costs and fees to award, both Griffin and Accuracy should file supplemental motions with appropriate supporting documents.

## **RECOMMENDATIONS**

For the reasons stated above, Griffin's Motion to Remand and for Attorney's Fees (docket #5) and defendant Accuracy's Motion for Remand to State Court and Request for Attorney Fees Pursuant to 28 USC 1447(c) (docket #8) should be GRANTED.  Accordingly, this action should be remanded to Multnomah County Circuit Court for the State of Oregon for further proceedings,  and both Griffin and defendant Accuracy should be awarded their costs and reasonable attorney fees incurred as a result of the removal.

///

**SCHEDULING ORDER**

Objections to these Findings and Recommendations, if any, are due **September 18, 2006.** If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will be referred to a district judge and go under advisement.

DATED this 28th day of August, 2006.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge